**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**
**CIVIL ACTION NO. 1:19-cv-00183-GNS-LLK**

RAVEN L.                                                                                          PLAINTIFF

v.

KILOLO KIJAKAZI, Acting Commissioner of Social Security                    DEFENDANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter is before the Court on the motion of Plaintiff's counsel for attorney fees pursuant to

42 U.S.C. § 406(b) in the amount of $26,716.00 [Doc. 29], to which the Commissioner responded, arguing

that the Court should reduce the fees by an unspecified amount [Doc. 30],[1] to which Plaintiff's counsel

replied, arguing that there should be no reduction [Doc. 35].  On February 21, 2020, this case was referred

to the undersigned Magistrate Judge.

For the reasons below, the RECOMMENDATION[2] will be that the Court GRANT in part and DENY

in part the motion of Plaintiff's counsel for attorney fees pursuant to 42 U.S.C. § 406(b) in the amount of

$26,716.00 [Doc. 29], REDUCE the amount of attorney fees awarded to $15,414.00, and ORDER the

Commissioner to pay counsel $15,414.00 from the past-due benefits being withheld for payment of such

fees.[3]

**Procedural History**

---

[1] The Commissioner "has no direct financial stake in the answer to the § 406(b) question; instead, she plays a part in the fee determination resembling that of a trustee for the claimants."  *Gisbrecht v. Comm'r of Soc. Sec.*, 535 U.S. 789, 798 n.6 (2002).

[2] The undersigned is submitting the present Report and Recommendation as opposed to ruling on the motion because a Section 406(b) "motion for attorney's fees is considered to be [case] dispositive" and, therefore, not subject to ruling by a magistrate judge.  *Ringel v. Comm'r*, 295 F. Supp. 3d 816, 841 (S.D. Ohio 2018) (collecting authorities).

[3] Plaintiff's counsel states that, in addition to the attorney fees approved by this Court pursuant to 42 U.S.C. § 405(b), he "intends to seek as the fee for his services at the administrative level pursuant to 42 U.S.C. § 406(a)." [Doc. 29 at PageID.2188].

After Plaintiff filed her complaint seeking judicial review of the Commissioner's final decision [Doc. 1], the Commissioner agreed to a remand for further administrative proceedings [Doc. 24], and an award of attorney fees under the Equal Access to Justice Act (EAJA) in the amount of $5,000.00 [Doc. 27].

Upon remand, the Commissioner awarded Plaintiff past-due benefits in the amount of $106,864.00 and is presently withholding $26,716.00, or 25% of past-due benefits, for payment of attorney fees under 42 U.S.C. § 406(b).  [Doc. 29 at PageID.2181].

In the present motion, Plaintiff's counsel seeks the full $26,716.00 of past-due benefits but agrees, as required by law, to refund the EAJA fee in the amount of $5,000.00 to Plaintiff.   [Doc. 29 at PageID.2188].

**Discussion**

Plaintiff's counsel is Frederick J. Daley, Jr., Daley Disability Law, P.C.; Chicago, Illinois.  Plaintiff entered a Social Security Contingent Fee Contract (for Representation in Federal Court) which provides, in pertinent part, that:

> … I understand that representation in court will not cost me more than 25% of the past-due benefits for my dependents, if applicable, and myself.  The attorney may keep 25% of the past-due benefits if awarded by the court or the EAJA fee, whichever is the higher of the two.
>
> An attorney who successfully represents a Social Security benefits claimant in court may be awarded as part of the judgment "a reasonable fee … not in excess of 25 percent of the … past-due benefits" awarded to the claimant.  …

[Doc. 29-2 quoting 42 U.S.C. § 405(b)].

Chief Judge Stivers recently clarified that the Sixth Circuit "accords a rebuttable presumption of reasonableness to contingency-fee agreements that comply with § 406(b)'s 25-percent cap." *Candelaria v. Comm'r of Soc. Sec.*, No. 5:17-CV-00016-GNS-LLK, 2020 WL 4728773, at *2 (W.D. Ky. Aug. 14, 2020) (quoting *Lasley v. Comm'r*, 771 F.3d 308, 309 (6th Cir. 2014)).  For purposes of determining whether the presumption has been rebutted, however, the Court applies "lodestar analysis":

> Finally, Candelaria takes issue with the emphasis on the lodestar analysis when assessing the reasonableness of contingency-based attorneys' fees.  This point is well-taken but ultimately

> unavailing.  After all, the Supreme Court in *Gisbrecht* expressly approved the use of contingency fee arrangements in social security cases and cautioned that the number of hours spent on a case should not serve "as basis for satellite litigation."  *Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002).  At the same time, the Supreme Court charged this Court and others with assessing the reasonableness of contingency fee awards.  *Id.* at 809.  In practice, one of the only ways for the Court to do so is by scrutinizing either the number of hours billed or the hypothetical rate at which they are billed -- an analysis that admittedly is akin to a lodestar analysis.

*Id.* at *4 (alterations made).  Under lodestar analysis, "the number of hours reasonably devoted to each case [is] multiplied by the reasonable hourly fee."  *Gisbrecht*, 535 U.S. at 789.

In the Western District of Kentucky, a "typical itemization of hours by attorneys in Social Security cases ... may range from 10 to as much as 40 hours or more, on complex cases."  *Candelaria*, 2020 WL 4728773, at *3.  In this case, Plaintiff's counsel's U.S. District Court Time Log [Doc. 29-4] indicates that a total of 40.1 hours were expended in connection with Plaintiff's successful brief before this Court.  In light of the complexity of issues presented in Plaintiff's successfully 26-page memorandum in support of judicial review [Doc. 19-1], this Report concludes that 40.1 hours were reasonably expended in this case.

In the Western District of Kentucky, "$420 per hour is [considered to be] on the higher end for an attorney with only one year of experience in this specialized area of the law."  *Candelaria*, 2020 WL 4728773, at *3 (citing *Kishbaugh v. Comm'r*, No. 4:17-CV-00107-HBB, 2019 WL 3483163, at *6 (W.D. Ky. July 31, 2019)).  However, the undersigned has approved fees as high as $500 per hour for attorneys with decades of experience in Social Security disability law.  *See Keith v. Comm'r*, No. 5:16-CV-00103-LLK, 2020 WL 1991414 (W.D. Ky. Apr. 27, 2020); *Chumbley v. Comm'r*, No. 1:17-CV-00113-LLK, 2020 WL 1991417 (W.D. Ky. Apr. 27, 2020).  The highest recent rate for paralegal / non-attorney services within the Sixth Circuit of which this Report is aware is $175 per hour.  *See Waderlow v. Comm'r*, No. 19-11871, 2021 WL 1811558, at *4 (E.D. Mich. May 6, 2021) ("[T]he Court will consider $175 the maximum recoverable hourly rate for non-attorney time.").

In this case, Plaintiff's counsel's U.S. District Court time Log [Doc. 29-4] and Professional Qualifications [Doc. 29-3] indicate that Mr. Daley spent 1.75 hours on the case, attorneys Marcus and Yount spent 31.95 hours on the case, and paralegals Blase and Solomonik spent 6.4 hours on the case.

Lodestar analysis reveals that the maximum reasonable fee in this case is $15,414:  For Mr. Daley, $500 per hour times 1.75 hours equals $875.  For attorneys Marcus and Yount, $420 per hour times 31.95 hours equals $13,419.  For paralegals Blase and Solomonik, $175 per hour times 6.4 hours equals $1,120. $875 plus $13,419 plus $1,120 equals $15,414.

### RECOMMENDATION

For the above reasons, the Magistrate Judge RECOMMENDS that the Court GRANT in part and DENY in part the motion of Plaintiff's counsel for attorney fees pursuant to 42 U.S.C. § 406(b) in the amount of $26,716.00 [Doc. 29], REDUCE the amount of attorney fees awarded to $15,414.00, and ORDER the Commissioner to pay counsel $15,414.00 from the past-due benefits being withheld for payment of such fees.

July 29, 2022

Lanny King, Magistrate Judge
United States District Court

### NOTICE

Under the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b), the Magistrate Judge files these findings and recommendations with the Court and a copy shall forthwith be electronically transmitted or mailed to all parties.  Within fourteen (14) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court.  If a party has objections, such objections must be timely filed or further appeal is waived.  *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984).

July 29, 2022

Lanny King, Magistrate Judge
United States District Court

4