UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:19-CV-00183-GNS-LLK

RAVEN D. LEWIS                                                                                              PLAINTIFF

v.

KILOLO KIJAKAZI,
Acting Commissioner of Social Security[1]                                                      DEFENDANT

## ORDER

This matter is before the Court on Plaintiff's Objection (DN 37) to the Magistrate Judge's Report and Recommendation (DN 36) on Plaintiff's Petition for Attorney Fee (DN 29). The matter is ripe for adjudication. For the reasons below, Plaintiff's Objection is **OVERRULED IN PART** and **SUSTAINED IN PART**, the Magistrate Judge's Report & Recommendation is **ADOPTED IN PART** and **MODIFIED IN PART**, and Plaintiff's Petition is **GRANTED IN PART** and **DENIED IN PART**.

### I.   STATEMENT OF FACTS

Plaintiff Raven D. Lewis ("Lewis") sought judicial review of an unfavorable decision by Defendant Commissioner of Social Security ("Commissioner"), denying her claim for Title II disability insurance benefits. (Compl. ¶ 9, DN 1). The Commissioner agreed to remand for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (Order 1, DN 25). Lewis ultimately received a favorable decision and was awarded $106,864 in past-due benefits. (Pl.'s Pet. Att'y Fee 1, DN 29).

---

[1] Kilolo Kijakazi became Acting Commissioner of Social Security on July 9, 2021. Pursuant to Fed. R. Civ. P. 25(d), she is substituted as Defendant in this action. *See* 42 U.S.C. § 405(g).

Lewis' counsel, Frederick J. Daley, Jr. ("Daley"), now seeks $26,716.00 in attorney fees pursuant to 42 U.S.C. § 406(b), representing twenty-five percent of Lewis' past-due benefits, in accordance with the parties' fee agreement.[2] (Pl.'s Pet. Att'y Fee 1-2; *see* Pl.'s Pet. Att'y Fee Ex. B, DN 29-2); *see also* LR 83.11(b).  The Commissioner opposed Daley's motion only as to the amount sought and argued that the appropriate award would be less than $18,450.[3] (Def.'s Resp. Pl.'s Pet. Att'y Fee 6, DN 30).  The Magistrate Judge issued a Report and Recommendation ("R. & R.") opining that fees be awarded in the amount of $15,414.  (R. & R. 1, DN 36).  Lewis objects to this recommendation, and the Commissioner has responded.  (Pl.'s Obj. R. & R. 1, DN 37; Def.'s Resp. Pl.'s Obj. R. & R., DN 38).

## II.    STANDARD OF REVIEW

This Court reviews *de novo* the portions of the R. & R. to which objections have been filed, and the Court may accept, reject, or modify the R. & R., either in whole or in part.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

## III.    DISCUSSION

When a social security claimant receives a favorable judgment before the court, his or her attorney may be awarded "a reasonable fee for such representation, not in excess of 25 percent of the total past-due benefits to which the claimant is entitled by reason of such judgment . . . ." 42 U.S.C. § 406(b)(1)(A).  Contingency fee agreements are permitted under § 406, so long as the agreement does not produce fees in excess of the twenty-five percent threshold.  *Gisbrecht*, 535

---

[2] Daley agreed to refund Lewis the Equal Access to Justice Act ("EAJA") fee of $5,000 awarded after receiving a favorable result at the administrative level.  (Pl.'s Pet. Att'y Fee 8; *see* Stipulation/Joint Agreed Order 1, DN 28).
[3] The Commissioner "has no direct financial stake in the answer to the § 406(b) question . . . [but] she plays a part in the fee determination resembling that of a trustee for the claimants."  *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002).

2

U.S. at 799-800. Courts must review these contingency arrangements "as an independent check, to assure that they yield reasonable results in particular cases." *Id.* at 807. The attorney seeking the fee has the burden of demonstrating that the amount sought is reasonable for the services rendered. *Id.*

Contingency fee arrangements are presumed reasonable if they comply with the twenty-five percent cap of Section 406(b). *Lasley v. Comm'r of Soc. Sec.*, 771 F.3d 308, 309 (6th Cir. 2014). Deductions from this cap, however, may be appropriate in situations where "the attorney would 'enjoy a windfall because of . . . an inordinately large benefit . . . .'" *Hayes v. Sec'y of Health & Hum. Servs.*, 923 F.2d 418, 421-22 (6th Cir. 1990) (quoting *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989) (en banc)). To assist in determining whether such a windfall may exist, the Sixth Circuit has set a "floor" to consider when assessing contingency fees: "a hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable." *Lasley*, 771 F.3d at 309 (quoting *Hayes*, 923 F.2d at 422). Thus, courts follow a four-step analysis when evaluating the reasonableness of an attorney fee award:

> First, the court should acknowledge the contingency fee arrangement and Section 406(b)'s 25% ceiling on attorneys' fees. Second, the court should consider "the effective hourly rate 'as one relevant factor in determining the reasonableness' of the contingency fee." The hypothetical hourly rate is calculated by dividing the contingency fee amount (generally 25% of the past-due benefits award) by the number of hours reportedly worked. Third, the court may consider other factors, such as "counsel's delay in filing the § 406(b) motion, the Commissioner's opposition to the fee, and the 'brevity' and 'relative simplicity' of the representation." Fourth, the court must then, in its discretion, determine if counsel carried its burden of demonstrating the contingency fee was reasonable.

*Candelaria v. Comm'r of Soc. Sec.*, No. 5:17-CV-00016-GNS-LLK, 2020 U.S. Dist. LEXIS 146871, at *5 (W.D. Ky. Aug. 14, 2020) (internal citations omitted) (citation omitted).

3

The Magistrate Judge followed this framework, although not explicitly. First, he acknowledged Lewis' argument that he was entitled to $26,716, which is twenty-five percent of the $106,864 awarded as past-due benefits. (R. & R. 2). This amount represents the highest attorney fee award permissible under 42 U.S.C. § 406(b)'s twenty-five percent cap. Second, with regard to the effective hourly rate, counsel reportedly spent 40.1 hours on the matter. (Pl.'s Pet. Att'y Fee 2). Dividing the $26,716 possible by the 40.1 hours expended, the hypothetical hourly rate for this case would be $666.23 per hour.[4] Whether this hypothetical hourly rate is *per se* reasonable requires a comparison to the standard rate in the market where the action was filed—the Western District of Kentucky. *Hayes*, 923 F.2d at 422; *Carter v. Saul*, No. 4:15-CV-00058-HBB, 2019 U.S. Dist. LEXIS 149498, at *13 (W.D. Ky. Sept. 3, 2019) (citing *Lasley*, 771 F.3d at 310). The standard rate in the Western District of Kentucky is $140 per hour.[5] *Candelaria*, 2020 U.S. Dist. LEXIS 146871, at *6 n.5 (citing *Carter*, 2019 U.S. Dist. LEXIS 149498, at *6). The hypothetical hourly rate of $666.23 is more than twice the standard rate of $140; therefore, it is

---

[4] The Commissioner argues that the appropriate effective hourly rate is actually $724.01 per hour, as time expended by paralegals and other non-attorneys is compensated at half the hourly rate of attorneys. (Def.'s Resp. Pl.'s Pet. Att'y Fee 3 (citing *Bradley L. v. Kijakazi*, No. 1:20-cv-323-JMS-TAB, 2021 U.S. Dist. LEXIS 166873, at *8 (S.D. Ind. Sept. 2, 2021)). *See generally* Def.'s Resp. Pl.'s Objs. R. & R.). As noted below, the Court finds a hypothetical hourly rate of $666.23 to be unreasonable, thus rendering this contention moot.

[5] Lewis argues that the standard rate is not $140 because of a recent Sixth Circuit decision. (Pl.'s Obj. R. & R. 6); *see Doucette v. Comm'r of Soc. Sec.*, 13 F.4th 484, 492 (6th Cir. 2021) ("Awarding a $125 rate usually has nothing to do with current market conditions or the value of comparable legal services. Instead, courts often default to that rate because the claimant has failed to substantiate his request for a higher one."). This argument is not persuasive because *Doucette* does not address the use of $140 as the standard rate in Section 406(b) cases. Instead, the court held that the district courts failed to consider proffered evidence demonstrating higher market rates than the rate awarded for EAJA fees. *Doucette*, 13 F.4th at 491-92. *Doucette* does not render the $140 EAJA rate improper; rather, the cases were remanded to consider the $205 and $500 market rates presented by the plaintiffs in deciding whether to exceed the $125 cap imposed by the EAJA. *Id.* at 492. The standard EAJA rate in this judicial district is $140 and Lewis has failed to demonstrate otherwise.

not *per se* reasonable but it "may well be reasonable." *Hayes*, 923 F.2d at 422; *see Carter*, 2019 U.S. Dist. LEXIS 149498, at *17 (noting that the Court will "consider factors such as the time and labor involved, the skill required, the amount involved, the experience and ability of the attorney, and awards in similar cases," when faced with a fee request involving a hypothetical hourly rate that is not *per se* reasonable (citing *Rose v. Astrue*, No. 05-254-GWU, 2008 U.S. Dist. LEXIS 7264, at *7 (E.D. Ky. Jan. 30, 2008))).

Daley contends the individual attorneys' regular, non-contingent rates should be considered, not the local EAJA rate. (Pl.'s Obj. R. & R. 5). This is inconsistent with Sixth Circuit precedent post-*Gisbrecht*. *See Lasley*, 771 F.3d at 310 (relying on the standard rates in the district where the services were rendered); *Philpott v. Comm'r of Soc. Sec.*, No. 3:15-CV-554-CHB, 2021 U.S. Dist. LEXIS 98664, at *11 (W.D. Ky. May 25, 2021) ("[T]he Court cannot disregard *Lasley*'s endorsement of using EAJA rates to set a *per se* reasonable rate as a legal matter."). Furthermore, like *Philpott*, Daley:

> [O]ffers no reason why this Court should not use EAJA rates as the basis for the *per se* reasonable rate other than a brief passage from *Gisbrecht*, which states that a "court may require the claimant's attorney to submit . . . a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases" to assess the reasonableness of a fee award.

*Philpott*, 2021 U.S. Dist. LEXIS 98664, at *12 (quoting *Gisbrecht*, 535 U.S at 808). Daley's argument fails to note that *Gisbrecht* does not provide for an attorney's normal rate to be the only measure of reasonableness. *Id.*

The Magistrate Judge then considered the attorneys' experience and found a rate of $500 per hour to be appropriate for attorneys with decades of experience and $420 per hour is appropriate for newer attorneys. (R. & R. 3); *see Keith v. Saul*, No. 5:16-CV-00103-LLK, 2020 U.S. Dist. LEXIS 73490, at *3 (W.D. Ky. Apr. 27, 2020) ("Because counsel is one of the most

experienced attorneys representing Social Security plaintiffs in the Western District of Kentucky, the Court finds that counsel is entitled to $500 per hour."); *Kishbaugh v. Saul*, No. 4:17-CV-00107-HBB, 2019 U.S. Dist. LEXIS 127650, at *15-16 (W.D. Ky. July 31, 2019) (finding that $420 per hour was the maximum hourly rate that would not cause a windfall for an attorney with five years of experience whose work before the court resulted in the Commissioner's agreement to remand). Specifically, of the 40.1 hours, 1.75 hours were reported by Daley, an attorney who has decades of social security experience; 31.15 hours were expended by Meredith Marcus ("Marcus"), an attorney with more than twelve years of social security experience; 0.8 hours were reported by Caroline Yount ("Yount"), an attorney with four years of social security experience; and 6.4 hours were reported by Charlotte Blaise and David Solomonik, two paralegals. (Pl.'s Pet. Att'y Fee Ex. D, at 1-2, DN 29-4; Def.'s Resp. Pl.'s Objs. R. & R. 6).

The Magistrate Judge appropriately assigned the rate of $500 per hour to Daley, given his experience with social security cases. (Pl.'s Pet. Att'y Fee Ex. C, at 1, DN 29-3); *see Keith*, 2020 U.S. Dist. LEXIS 73490, at *3. The Magistrate Judge also appropriately assigned a rate of $420 per hour to Yount, as this Court already deemed such a rate appropriate for her.[6] *Candelaria*, 2020 U.S. Dist. LEXIS 146871, at *7; *see Kishbaugh*, 2019 U.S. Dist. LEXIS 127650, at *15-16 (finding that $420 per hour was the maximum hourly rate that would not cause a windfall for an attorney with five years of experience); (*see also* Def.'s Resp. Pl.'s Objs. R. & R. 6 (noting that Yount had "at most four years' experience in Social Security litigation when this Court issued its judgment in this case.")).

One of Daley's main objections is to the hourly rate of $420 assigned to Marcus, who expended a majority of the reported time. (Pl.'s Obj. R. & R. 3-4, 6-7). The R. & R. considered

---

[6] The *Candelaria* opinion refers to "Young" instead of Yount, but they are the same individual.

Marcus and Yount together but did not note the difference in their experience with social security matters. (R. & R. 3-4; *see* Def.'s Resp. Pl.'s Objs. R. & R. 6 (noting that Marcus has over twelve years of experience with social security matters in contrast to Yount's four)). The Commissioner also noted that "compensating Ms. Marcus' work at somewhere between $420 per hour and $500 per hour would be consistent with this Court's prior awards." (Def.'s Resp. Pl.'s Objs. R. & R. 6; *accord* Def.'s Resp. Pl.'s Pet. Att'y Fee 5). Considering Marcus' extensive experience exceeds those in cases where $420 per hour was an appropriate fee, in addition to the Commissioner's agreement to increase her fee, Marcus will receive an hourly rate of $460.

The Magistrate Judge also appropriately applied a rate of $175 per hour for paralegal and non-attorney work based on a recent decision from a sister court. (R. & R. 3 (citing *Waderlow v. Saul*, No. 19-11871, 2021 U.S. Dist. LEXIS 86463, at *10 (E.D. Mich. May 6, 2021))).

Third, the Magistrate Judge permissibly considered other factors such as "counsel's delay in filing the § 406(b) motion, the Commissioner's opposition to the fee, and the 'brevity' and 'relative simplicity' of the representation." *Candelaria*, 2020 U.S. Dist. LEXIS 146871, at *5 (internal quotation marks omitted) (citations omitted). The Magistrate Judge noted that this case was not of "relative simplicity" but was rather complex and required significant hours to be spent by those involved. (R. & R. 3). Furthermore, there was no allegation of delay in the filing of the motion. (R. & R. 3 (noting that the 40.1 hours expended in this case were done so reasonably)). Therefore, there was no reason for the Magistrate Judge to question the hours expended in this matter. *See Candelaria*, 2020 U.S. Dist. LEXIS 146871, at *8-9. Additionally, "[w]hile not specifically relied on by the Magistrate Judge, Commissioner's opposition to the [] fee award is also a relevant factor for the court to consider." *Id.* at *9. Here, the Commissioner has not opposed

the award of attorney fees, only the amount sought. (*See generally* Def.'s Resp. Pl.'s Pet. Att'y Fee).

The final step requires a district court to exercise discretion when determining a reasonable fee amount. When the 40.1 hours expended by these attorneys and paralegals are billed at the reasonable rates decided on by the Magistrate Judge and this Court, a total fee award of $16,660 is appropriate—(Daley: $500 x 1.75 = $875) + (Marcus: $460 x 31.15 = $14,329) + (Yount: $420 x 0.8 = $336) + (Paralegal and non-attorney work: $175.00 x 6.4 = $1,120). (*See* R. & R. 4). Despite the presumption that a contingency fee is reasonable if it does not exceed the twenty-five percent statutory cap, Daley has failed to demonstrate that a hypothetical rate of $666.23 would not constitute a windfall under relevant case law. Therefore, the petition for attorney fees is granted, but only to the amount of $16,660.

Like his objections in *Candelaria*, Daley expresses an overall objection to the use of a "lodestar analysis" in § 406(b) cases, particularly relying on the *Gisbrecht* opinion. This Court renews its analysis from *Candelaria* and notes the argument "is well-taken but ultimately unavailing." *Candelaria*, 2020 U.S. Dist. LEXIS 146871, at *10. It is true that *Gisbrecht* "expressly approved the use of contingency fee arrangements in social security cases," but it also "charged this Court and others with assessing the reasonableness of contingency fee awards." *Id.* (citation omitted); *see Gisbrecht*, 535 U.S. at 808 (authorizing the comparison of rates and the time expended by noting that "[i]f the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is [] in order."). This Court also averred that the analysis used here is "akin" to a lodestar analysis but is practically one of the only ways to assess reasonableness. *Candelaria*, 2020 U.S. Dist. LEXIS 146871, at *10-11.

Furthermore, the analysis used here is distinguishable from the typical lodestar analysis which involves the consideration of a reasonable number of hours and a reasonable rate for those hours; in contrast, the analysis here focuses on the *actual* hours spent and a *hypothetical* rate to determine if the amount sought is reasonable. *See Gisbrecht*, 535 U.S. at 809 (Scalia, J., dissenting) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)) (arguing that the appropriate measure should be a traditional lodestar analysis); *see also id.* at 811 ("It is something quite different, however . . . to look at the *consequences* of a contingent-fee agreement *after the contingencies have been resolved*, and proclaim those consequences unreasonable because the attorney has received too much money for too little work.").

Daley maintains that "an excessively high hourly rate . . . is not a valid reason for reducing an attorney's fee award." *Hayes*, 923 F.2d at 421. The *Hayes* court, however, commented that it is not "per se improper for a district judge to reduce a contingent fee to an hourly rate . . . as *part of the calculus in arriving at an appropriate fee.*" *Id.* at 422 (internal quotation marks omitted) (quoting *Royzer v. Sec'y of Health & Hum. Servs.*, 900 F.2d 981, 982 (6th Cir. 1990)). This consideration is precisely what was done in the R. & R. as it considered the experience of the attorneys, awards in similar cases, and the complexity of the case along with the hypothetical hourly rate. (R. & R. 3).

## IV.     CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's Objection (DN 37) is **OVERRULED IN PART** and **SUSTAINED IN PART**, the Magistrate Judge's Report and Recommendation (DN 36) is **ADOPTED IN PART** and **MODIFIED IN PART**, and Plaintiff's Petition for Attorney Fees (DN 29) is **GRANTED IN PART** and **DENIED IN PART**. Lewis' attorneys are to be paid a total of $16,660 pursuant to 42 U.S.C. § 406(b). **IT IS FURTHER**

**ORDERED** that payment by the Commissioner in the amount of $11,660, which represents the balance after the EAJA offset in the amount of $5,000 is subtracted, be paid directly to Attorney Frederick J. Daley, Jr. in accordance with the agreement signed by the Plaintiff.

*[Signature]*

Greg N. Stivers, Chief Judge
United States District Court

January 25, 2023

cc: counsel of record